FILED
United States Court of Appeals
Tenth Circuit

September 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WILLIAM BERNARD FREEMAN,

     Defendant - Appellant.

No. 17-6068
(D.C. Nos. 5:16-CV-00757-R and
5:10-CR-00165-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

William Freeman seeks a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2255 motion.  His counsel moves for leave to withdraw in a

brief filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  We deny

Freeman's request for a COA, grant counsel's motion to withdraw, and dismiss the

appeal.

**I**

In 2011, Freeman was convicted of bank robbery in federal court.  The district

court concluded his total offense level was 32 and his criminal history category was

VI because Freeman qualified as a career offender under U.S.S.G. § 4B1.1.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Freeman's advisory Guidelines range was 210 to 240 months' imprisonment. The district court imposed a sentence of 210 months. We affirmed on direct appeal. United States v. Freeman, 451 F. App'x 783, 785 (10th Cir. 2011) (unpublished). Freeman's initial § 2255 motion was denied.

Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015),[1] we granted Freeman permission to file a second habeas motion. The district court abated proceedings pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). After the Court decided Beckles, which held that the Guidelines are not subject to vagueness challenges, id. at 890, the district court denied Freeman's motion. Freeman filed a timely notice of appeal.

## II

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires Freeman to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Freeman's counsel has submitted an Anders brief. Under Anders, if an attorney concludes after conscientiously examining a case that any appeal would be

---

[1] In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Court held that Johnson announced a substantive rule that applied retroactively on collateral review.

2

frivolous, he may so advise the court and request permission to withdraw. 386 U.S. at 744. In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id.

We agree with counsel that any appeal of the district court's order would be frivolous. This court authorized Freeman to file a claim under Johnson. But a Johnson claim challenging a sentence imposed under U.S.S.G. § 4B1.2, including Freeman's sentence, is squarely foreclosed by Beckles. See 137 S. Ct. at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.").

In his pro se brief, Freeman challenges the district court's decision to abate his motion pending a ruling in Beckles. "We review a district court's decision to grant or deny a motion to stay proceedings for abuse of discretion." Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). The district court noted in its abatement order that it anticipated the Supreme Court would issue an opinion in Beckles before the expiration of any reduced sentence it might impose. That prediction proved correct. Had Freeman not been classified as a career offender, his total offense level would have been 27 and his criminal history category would have been IV, yielding an advisory Guidelines range of 100 to 125 months. U.S.S.G. Ch. 5 Pt. A (Sentencing Table) (2010). A sentence at the bottom of that

3

range would not have been completed prior to issuance of the <u>Beckles</u> opinion. Under these circumstances, reasonable jurists could not debate the propriety of the abatement order.

Finally, our independent review of the record has not uncovered any other potentially meritorious issues.[2]

**III**

For the foregoing reasons, we **DENY** Freeman's request for a COA, **GRANT** counsel's motion to withdraw, and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Freeman has also filed a motion to amend his pro se response to add arguments regarding the Eighth and Fourteenth Amendments. Because we did not authorize Freeman to pursue such claims in his second habeas motion, any such amendment would be futile. We accordingly **DENY** his motion to amend.

4